IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## JOAN ELIZABETH HALL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Lincoln County**
**No. S0000008     Charles Lee, Judge**

---

**No. M2000-02707-CCA-R3-PC - September 7, 2001**

---

The petitioner was originally convicted by a Lincoln County jury of criminal responsibility for first degree murder and sentenced to life imprisonment. The petitioner's conviction was affirmed on direct appeal. The petitioner sought post-conviction relief, which was denied by the post-conviction court. In this appeal, the petitioner contends her trial counsel provided ineffective assistance of counsel. After a thorough review of the record, we conclude that the post-conviction court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

T. Lance Carter (at hearing and on appeal) and Deborah R. Kidd (at hearing), Fayetteville, Tennessee, for the appellant, Joan Elizabeth Hall.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; William Michael McCown, District Attorney General; Weakley E. Barnard and Ann L. Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On the night before state witness Natalie Romine was to testify at the petitioner's original trial, the state produced for defense counsel a 69 page statement of the witness. In this appeal, the petitioner contends her trial attorneys were ineffective for failing to move for a continuance so they would have adequate time to analyze the statement's inconsistencies. We respectfully disagree.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Post-Conviction Hearing Testimony

At the post-conviction hearing, the petitioner's trial counsel, Raymond Fraley, testified that he and co-counsel Richard McGee received the witness's prior statement the night before her testimony. Fraley stated McGee spent much of the night reading the statement, and they discussed it the next morning prior to Romine's testimony. He further stated it was McGee who actually cross-examined the witness. Fraley testified they neither asked for a continuance nor a recess to further review the document. Furthermore, Fraley felt the available time was insufficient to adequately review the statement, and that inconsistencies could have been exposed if the statement had been provided earlier.

McGee testified he read the document in its entirety on the night prior to the witness's testimony and used information contained in it to prepare for cross-examination. McGee further testified he had ample time to read and "dissect" the document. McGee conceded he would have preferred to have had the statement prior to trial, but asserted he had sufficient time to prepare for the cross-examination.

### B. Post-Conviction Court's Findings

The post-conviction court found the representation by trial counsel "far exceed[ed] the requirements that one would expect under the standards of Baxter v. Rose." In addition, the post-conviction court found that even if trial counsel were deficient for failing to request a continuance, it did not prejudice petitioner. More specifically, the court stated there was no showing that a better-prepared cross-examination of the witness would have made any difference in the trial's outcome.

### C. Standard of Review

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v.

State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

## D. Analysis

Richard McGee, who actually performed the cross-examination, testified he had ample time to read the statement and prepare for the cross-examination. The trial court found counsel's performance exceeded the Baxter standard. Questions concerning the weight and value to be given to the testimony of witnesses are to be resolved by the trial court, not this court. Burns, 6 S.W.3d at 461. The post-conviction court further found that petitioner had failed to establish a reasonable probability that the result would have been any different had counsel taken more time to prepare for the cross-examination.

The evidence does not preponderate against the findings of the post-conviction court. Petitioner has not established deficient performance or prejudice. Accordingly, the judgment of the post-conviction court is affirmed.

_____
JOE G. RILEY, JUDGE

-3-